IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| HORACE BLAKE WALKER, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:17-CV-00122-BL |
| | § | |
| NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration, | § § § | |
| | § | |
| Defendant. | § § | |

## REPORT AND RECOMMENDATION

Pursuant to 42 U.S.C. § 405(g), Plaintiff Horace Walker, Jr. seeks judicial review of the decision of the Commissioner of Social Security, who denied his application for disability insurance benefits under Title II of the Social Security Act. The Senior United States District Judge reassigned the case to this Court pursuant to 28 U.S.C. § 636(c). The parties have not consented to proceed before a United States Magistrate Judge. After considering the pleadings, briefs, and administrative record, this Court recommends the decision of the Commissioner be affirmed and this case dismissed.

### I. STATEMENT OF THE CASE

Walker filed an application for DIB on July 21, 2014, alleging impairments that were disabling as of August 5, 2013. That application was denied initially and again on reconsideration. Walker requested a hearing, which was held before an Administrative Law Judge (ALJ) on May 23, 2016. The ALJ issued a decision on July 19, 2016 finding Walker not disabled.

Specifically, the ALJ found during step one that Walker had not engaged in substantial gainful activity since his alleged onset date. (Doc. 11-1, 21). At step two, the ALJ found that Walker had the severe impairments of a left arm tremor, left shoulder injury, rotoscoliosis, and hearing loss. (Doc. 11-1, 21). In the third step, the ALJ found that those severe impairments did not meet and were not the equivalent of any of the listed impairments. (Doc. 11-1, 23). The step three analysis continued with the ALJ determining Walker retained the residual functional capacity (RFC) to perform light work with limitations on climbing, crawling, and reaching. (Doc. 11-1, 24). Those restrictions led the ALJ to determine at the fourth step that Walker could return to a previous job, referring to the Dictionary of Occupational Titles for analogous positions and the impact of the assessed limitations. (Doc. 11-1, 27-28). The ALJ therefore determined Walker was not under a disability between the alleged onset date and the date he was last insured. (Doc. 11-1, 28).

Walker then applied to the Appeals Council, which denied review on June 23, 2016. Therefore, the ALJ's decision is the Commissioner's final decision and is properly before the Court for review. *Higginbotham v. Barnhart*, 405 F.3d 332, 334 (5th Cir. 2005) ("[t]he Commissioner's final decision includes the Appeals Council's denial of [a claimant's] request for review").

## II. FACTUAL BACKGROUND

According to the pleadings, testimony at the administrative hearing, and administrative record, Walker was 64 and living with his wife at the time of the administrative hearing. He had employment history in oil field production and sales, farm equipment use and delivery, and flooring sales and installation. He believes his physical and mental impairments render him disabled under the Act.

## III. STANDARD OF REVIEW

A person is disabled if he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 1382(c)(a)(3)(A), 423 (d)(1)(A) (2012). "'Substantial gainful activity' is work activity involving significant physical or mental abilities for pay or profit." *Masterson v. Barnhart*, 309 F.3d 267, 271 n.2 (5th Cir. 2002); 20 C.F.R. § 404.1572(a)-(b).

To evaluate a disability claim, the Commissioner follows a "five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007); *see also* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). "The claimant bears the burden of showing [he] is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform." *Audler*, 501 F.3d at 448. Before proceeding to steps 4 and 5, the Commissioner must assess a claimant's RFC. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). RFC is defined as "the most [a claimant] can still do despite [the claimant's] limitations." 20 C.F.R. § 416.945(a)(1).

This Court's review of the Commissioner's decision to deny disability benefits is limited to an inquiry into whether substantial evidence supports the Commissioner's findings, and whether the Commissioner applied the proper legal standards. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002) (citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)).

Substantial evidence "is more than a mere scintilla and less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000); *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002). If substantial evidence supports the Commissioner's findings, then the findings are conclusive and the Court must affirm the Commissioner's decision. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Newton*, 209 F.3d at 452. The Court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for the Commissioner's, even if the Court believes that the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272. Moreover, "[c]onflicts in the evidence are for the Commissioner and not the courts to resolve." *Newton*, 209 F.3d at 452.

## IV. DISCUSSION

Walker alleges the ALJ erred to consider medical opinion evidence in compliance with regulations and precedent, and failed to sufficiently incorporate Walker's self-described "exemplary work history" into a credibility determination.

### A. Medical Opinion Evidence and 20 C.F.R. § 404.1527

Walker asserts that "if an ALJ's RFC conflicts with opinions of medical sources, she must explain why the opinion was not adopted, and the reasons given must 'always (be) good reasons (and) ... contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record.'" (Doc. 14, 4-5) (purportedly quoting or citing 20 C.F.R. § 404.1527 and SSR 96-2p). As the undersigned has repeatedly noted when presented with this interpretation of the regulations, while the Commissioner is required to "give good reasons in [the] notice of determination or decision for the weight [she] give[s] [a] treating source's medical opinion[,]" this is not tantamount to a requirement to either adopt every

medical source or write a lengthy explanation containing "good" reasons to the satisfaction of a claimant. *See, e.g. Santos v. Colvin*, 2016 U.S. Dist. LEXIS 111149 at *12-13 (N.D. Tex. Aug. 19, 2016); *Greenwood v. Colvin*, 2016 U.S. Dist. LEXIS 80075 at *11 fn.1 (N.D. Tex. June 3, 2016) (R&R adopted June 20, 2016); *Joyce v. Berryhill*, 2017 U.S. Dist. LEXIS 153474 at *7-8 (N.D. Tex. Aug. 31, 2017) (R&R adopted Sept. 20, 2017). Instead, subsection (c) of § 404.1527 sets out six factors for assessing all medical opinions: examining relationship, treatment relationship, supportability, consistency, specialization, and other factors such as the source's familiarity with disability proceedings. Contrary to Walker's assertion, an imposition on the Administration to consider those six factors when evaluating medical opinions does not equate to a requirement that an ALJ specifically address each one in the text of a decision in every case for every medical opinion offered. (Doc. 14, 5). However, Walker's assertion that the ALJ insufficiently considered the opinion of his treating physician is even more untenable: the ALJ explicitly considered Dr. Burleson's examining relationship, treatment relationship, conflicting evidence between his report and notes, and lack of specialization in some diagnosed mental illnesses. (Doc. 11-1, 23). The ALJ might have created bold capitalized headers for the six factors, but otherwise could have done little more to demonstrate their consideration. So, Walker has definitively not shown that the purported failure to explicitly consider those factors in the text of the decision is a reversible legal error.

Alternatively, Walker's burden is to show the ALJ's determination is unsupported by substantial evidence, and a mere re-framing of the facts is insufficient to that end. To upset the ALJ's decision, Walker must show there is no more than a scintilla of evidence supporting the findings, but here only repeatedly asserts an outcome-determinative view. Without showing that the ALJ's decision is baseless with regards to the evidence of record, an argument that the

evidence might—or even should—lead some to a different conclusion is fruitless. It is the purview of the Commissioner to weigh and resolve conflicts in the evidence, and the ALJ here determined the opinion offered was contradicted by the physician's own records and prescribed treatments. (Doc. 11-1, 23).

Walker states that "[i]f the ALJ wanted to consider denying this claim, she needed to have a legitimate medical basis for doing so." (Doc. 14, 16). This is not true: a claimant bears the burden of establishing an inability to work. Again, without showing either an incorrect application of legal standards or a near-total absence of supporting record evidence, the ALJ's determinations are entitled to deference, especially decisions resolving conflicting factual questions. Walker's proposed legal error fails because he articulates a standard which does not exist, and he has failed to show a lack of substantial evidence. Therefore, his claim that the ALJ did not properly consider the opinion offered by his treating physician is meritless.

### B. Credibility and work history

Walker proposes that the purported errors in the ALJ's opinion discussed above also contribute to an impermissible credibility determination. He specifically contends that the ALJ is affirmatively required to consider his work history as making his complaints more credible, citing *Roberson v. Colvin*. (Doc. 14, 17) (quoting 2015 U.S. Dist. LEXIS 39327 at *19, (N.D. Tex. Mar. 5, 2015)). However, as noted by the Commissioner, *Roberson* explicitly stands for the opposite principle:

> Credibility determinations are reserved to the Commission and this Court may not reconsider those determinations de novo or substitute its judgment for the ALJ's. The fact that this Court may have come to a different conclusion than the ALJ does not invalidate the ALJ's determination that plaintiff's subjective complaints were less than credible due to the lack of objective medical evidence. Further, while it would have been better for the ALJ to acknowledge plaintiff's 30-year consistent work

history, the failure to reference such in his findings does not mean he was not aware of the history. No reversible error has been shown.

*Id.* at *20-21. Walker has not shown that the ALJ did not consider his credibility, and so the credibility determination itself should not be second-guessed.

## V. CONCLUSION

Considering the foregoing, it is **RECOMMENDED** that the decision of the Commissioner be **AFFIRMED** and Plaintiff's complaint be **DISMISSED**.

**IT IS ORDERED** that this case is **TRANSFERRED** to the docket of Senior United States District Judge Sam R. Cummings.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated May 18, 2018.

_____
E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**